BRADLEY E. JEWETT (SBN 222773)
brad@jewett-law.com
**JEWETT LAW, PC**
1055 W. 7th Street, Suite 3050
Los Angeles, CA 90017
Telephone: (213) 349-3400

Attorneys for Plaintiff
**EDEN SURGICAL CENTER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN SURGICAL CENTER, a California medical corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., in its capacity as Plan Administrator of the ACTIVISION BLIZZARD HEALTH AND WELFARE BENEFITS PLAN; ACTIVISION BLIZZARD HEALTH AND WELFARE BENEFITS PLAN,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT PURSUANT TO THE EMPLOYEES RETIREMENT INCOME SECURITY ACT OF 1974 FOR:**<br>1. **DISCLOSURE AND STATUTORY PENALTIES UNDER 29 U.S.C. §1132(c) AND 29 U.S.C. §1132(a)(1)(A);**<br>2. **DISCLOSURE UNDER 29 C.F.R. §2560.503-1**<br>3. **BENEFITS UNDER 29 U.S.C. §1132(a)(1)(B).**<br>4. **BREACH OF IMPLIED CONTRACT**<br>5. **BREACH OF ORAL CONTRACT**<br>6. **NEGLIGENT MISREPRESENTATION** |

///

///

///

Plaintiff Eden Surgical Center ("Eden") respectfully alleges as follows:

1. Eden at all times mentioned herein, was and is a California medical corporation conducting business in the County of Los Angeles, in the State of California.

2. Eden is informed and believes, and on that basis alleges, that defendant Activision Blizzard Health and Welfare Benefits Plan (the "Plan") is a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") that can be found and is administered in the County of Los Angeles, in the State of California.

3. Eden is informed and believes, and on that basis alleges, that defendant Activision Blizzard, Inc., is the plan administrator for the Plan (the "Plan Administrator"), and that this defendant can be found in the County of Los Angeles, in the State of California.

4. The jurisdiction of this Court is proper under 29 U.S.C. §1132(e), as this is a civil action under Section 502 of ERISA.

5. The venue of this action in this Court is proper under 29 U.S.C. §1132(e)(2), as these defendants may be found, and the Plan is administered in California's Central Judicial District, in the County of Los Angeles, State of California.

### Eden's Standing

6. With respect to its first three causes of action for disclosure, statutory penalties and benefits, Eden hereby sues these defendants derivatively, appearing before this Court as the assignee of its patient, the plan participant who, for the purposes of privacy, is identified by her initials as "AR" (the "Plan Participant"). As a derivative suitor, Eden stands in the shoes of the assignor, and invokes the jurisdiction of the Court to enforce the Plan Participant's ERISA rights.

7. Subject matter jurisdiction of this Court is proper under 28 U.S.C. §1331, as Eden possesses and presents a colorable claim under ERISA.

-2-

COMPLAINT FOR DAMAGES

8. With respect to its fourth, fifth and sixth claims for breach of implied contract, breach of oral contract and negligent misrepresentation, Eden hereby sues these defendants under the supplemental jurisdiction established by 28 U.S.C. § 1367. These state law claims are substantially related to the above-mentioned ERISA claims, and jurisdiction in this case is not based on diversity.

### Eden's Claims

9. Eden is informed and believes, and on that basis alleges, that at all times mentioned herein, the Plan Participant was a covered beneficiary under the Plan.

10. Eden is informed and believes, and thereon alleges that Cigna Health and Life Insurance Company ("Cigna") serves as the claims administrator for the Plan.

11. Prior to providing medical care to the Plan Participant, Eden verified with the Plan that the Plan Participant was a covered beneficiary under the Plan. Eden specifically requested and was provided confirmation from an agent of the Plan, the Plan's contracted agent, that certain specific contemplated medical procedures required to treat the Plan Participant were covered by the Plan, and that the Plan Participant was eligible to receive medical benefits for such procedures. Eden inquired as to whether the Plan contains an anti-assignment provision, and was advised that it does not. Eden recorded the entirety of this conversation. A relevant portion of the transcript from Eden's recorded benefits verification call is as follows:

> Eden: Does the code for the procedure require pre-certification?
> Plan: That code does not require pre-cert.
> Eden: This facility has a Multiplan contract…will that contract apply or be used to determine benefits?
> Plan: Yes, the Multiplan contract will apply for benefits.

|   |   |   |
|---|---|---|
| Eden: | Will the Multiplan contract override the Medicare rate? |
| Plan: | Yes. |
| Eden: | Does the Plan contain an anti-assignment provision? |
| Plan: | No. |

12. At no point in time during this benefit verification process did these defendants or their representatives inform Eden that the Plan contains an anti-assignment provision, or that Eden's claims and/or related rights might be affected in any manner by an anti-assignment provision, despite Eden's specific inquiry. During the above-mentioned call, Eden inquired as to whether its claims would be paid according to Eden's Multiplan contract, and was advised that they would.

13. Prior to receiving medical care from Eden, the Plan Participant assigned her benefits and ERISA representative rights under the Plan to Eden (the "Assignment"). A redacted copy of the Assignment is attached to this Complaint as Exhibit "1". Based on the Assignment, Eden is a "beneficiary" of the Plan under 29 U.S.C. §1002(8), and thus stands in the shoes of the Plan Participant.

14. Based upon the information provided and the representation of coverage made to Eden by the Plan, Eden provided medical procedures to the Plan Participant on May 1, 2015.

15. Following these medical services, Eden submitted required claim information, including itemized revenue codes with accompanying fees and expenses, to the Plan for reimbursement ("Eden's Claim").

16. Thereafter, the Plan issued an adverse benefit determination on Eden's Claim, whereby the claim was paid at a drastically reduced rate. An Explanation of Benefits ("EOB") provided by the Plan provided Eden with no meaningful information.

### Eden's Document Production Demand

17. On July 7, 2015, Eden demanded, in writing, that these defendants produce the contracts, agreements and documents under which the Plan is

established and/or operated, including all relevant information, records and documents regarding the processing of Eden's Claim (the "Documents"), pursuant to 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560-503.1 paragraphs (g), (h) and (m). In this letter, Eden advised the defendants that it represented the Plan Participant in all matters relating to Eden's Claim as a representative and an assignee under the Assignment. On July 7, 2015, The Plan's Senior Director of Legal Employment and Benefits responded that the Plan would review Eden's letter. Thereafter, the Plan produced several documents and referred the matter to Cigna's legal department. No additional documents were provided, and Eden did not receive any explanation of how the adverse benefit determination was processed.

18. On July 7, 2015, Eden also appealed the adverse benefit determination on Eden's Claim to Cigna. A copy of Eden's appeal was sent to the Plan. Eden received a response from an Appeals Processor at Cigna named "June P." dated July 10, 2015. June P.'s response merely stated: "I have decided to uphold the original decision in processing this claim. This decision represents the final step of the internal administrative review process… you have the right to bring a legal action under section 502(a) of ERISA." These defendants thus failed and refused, and continue to fail and refuse to respond to Eden's requests for all of the Documents, which include all relevant information, records, and documents under 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1.

19. Administrative remedies were exhausted with respect to Eden's Claim based on the defective notice provided by these defendants.

20. As of the date this lawsuit was filed, Eden's Claim was processed in a manner that does not comport with the information provided during the recorded verification process, and Defendants failed and refused to explain this discrepancy or provide evidence explaining or justifying the claims reimbursement process.

Because Eden lacked any other reasonable way to access to the requested information, it was necessary to file this lawsuit.

# FIRST CAUSE OF ACTION
## FOR DISCLOSURE AND STATUTORY PENALTIES FOR FAILURE TO DISCLOSE REQUIRED DOCUMENTS UNDER 29 U.S.C. §1024(b)(4)

21. Eden realleges and incorporates herein by this reference paragraphs 1 through 20, inclusive, of this Complaint.

22. As an ERISA fiduciary and plan administrator, the Plan Administrator had a duty to disclose the Documents upon receiving Eden's written request, and if necessary, to obtain any such documents not in its possession from subordinate claims administrators.

23. The Plan Administrator breached this duty by failing to produce Documents after receiving Eden's written request, in violation of 29 U.S.C. §1024(b)(4).

24. The Plan Administrator's failure to produce the Documents and participate in the administrative process and provide a full and fair review denied Eden the opportunity to know exactly where it stands with respect to the Plan and the operation thereof regarding the administration and processing of Eden's Claim.  In addition, The Plan Administrator's failure to produce the Documents negatively impacted and continues to negatively impact Eden's ability to appeal and pursue the unpaid benefits at issue in this lawsuit.  To date, the Plan Administrator has not produced all of the required Documents, has not participated in the administrative process and is believed to be withholding the Documents for strategic purposes.

25. Accordingly, the Plan Administrator should be ordered to disclose all of the Documents, and subject to the statutory penalty prescribed by 29 U.S.C.

1 §1132(c), in the amount of $110.00 per day, per claim, commencing on August 7, 2015, through and including the date judgment is entered in this action, or the date that all of the Documents are received, whichever comes first.

26. In addition, Eden is entitled to an award of the reasonable attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

## SECOND CAUSE OF ACTION
## FOR DISCLOSURE OF REQUIRED DOCUMENTS
## UNDER 29 C.F.R. §2560.503-1.

27. Eden realleges and incorporates herein by this reference paragraphs 1 through 26, inclusive, of this Complaint.

28. As an ERISA fiduciary and administrator of the Plan, the Plan Administrator had a duty to disclose the Documents upon receiving Eden's written request, and if necessary, to obtain any such documents not in its possession from subordinate claims administrators.

29. The Plan Administrator breached this disclosure duty by failing and refusing to produce relevant Documents after receiving Eden's written request, in violation of 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m).

30. The Plan Administrator's failure to produce Documents denied Eden the opportunity to know exactly where it stands with respect to the Plan and the operation thereof regarding the administration and processing of Eden's Claim. In addition, the Plan Administrator's failure to produce Documents negatively impacted and continues to negatively impact Eden's ability to appeal and pursue the unpaid benefits at issue in this lawsuit. To date, the Plan Administrator has not produced all of the required Documents, and is presently withholding the Documents for strategic purposes.

31. Accordingly, the Plan Administrator should be ordered to immediately disclose all of the Documents, in accordance with the Regulations.

# THIRD CAUSE OF ACTION
# FOR BENEFITS
# UNDER 29 U.S.C §1132(a)(1)(B)

32.  Eden realleges and incorporates herein by this reference paragraphs 1 through 31, inclusive, of this Complaint.

33.  As the Plan Participant's assignee, Eden is entitled to receive certain benefits under the Plan.

34.  Eden was unlawfully denied these benefits with regard to Eden's Claim.

35.  Eden's appeal of the subject adverse benefit determination was met with no meaningful response.

36.  Eden attempted to gain information regarding the subject adverse benefit determinations, but its requests for disclosure were rebuffed by the Plan Administrator and the Plan, as they failed to produce all of Documents before this lawsuit was filed.  To date, the Plan Administrator has not produced all of the required Documents, and is presently withholding certain of the Documents for strategic purposes.

37.  Eden is entitled to damages as compensation for the benefits it was entitled to receive but unlawfully denied by the Plan, in an amount to be proven at trial.

38.  In addition, Eden is entitled to an award of the reasonable attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

# FOURTH CAUSE OF ACTION
# FOR BREACH OF IMPLIED CONTRACT

39.  Eden realleges and incorporates herein by this reference paragraphs 1 through 38, inclusive, of this Complaint.

40. Prior to providing services to the Plan Participant, Eden informed these defendants that the Plan Participant was scheduled for certain medically necessary surgical procedures at Eden.

41. These defendants confirmed that the Plan covered the medical services, supplies and equipment Eden eventually provided to the Plan Participant. Eden recorded the benefit verification process.

42. Medical providers routinely contact plan administrators to verify coverage prior to providing health care services. This is the way health care providers conduct business every day. Eden and these defendants understood that, based on the representations of coverage upon which Eden reasonably relied, by providing medically necessary services, Eden would be paid by these defendants for the medically necessary services, supplies and equipment at the agreed rate of compensation. Under the terms of the Plan, Eden was entitled to reimbursement consistent with its Multiplan contract, after the Plan Participant's deductible and out of pocket expenses were met.

43. These defendants understood that Eden's provision of medical services, supplies and equipment to the Plan Participant would require reimbursement in the manner described above.

44. Eden performed the contemplated procedures as planned, and Eden's Claim was timely submitted to the Plan. The total charges for the medical services, supplies and equipment provided to the Plan Participant exceeded $19,800.00.

45. On or about May 11, 2015, after the medical services, supplies and equipment were provided to the Plan Participant, these defendants breached the implied contract by issuing a drastically reduced payment on Eden's Claim, which does not reflect the agreed upon reimbursement rate. Eden was not provided with any other information that might help it better understand the payment received from these defendants.

46. Because Eden's Claim was paid at paid $490.00 and no further payments were received, the balance still due is an amount exceeding $19,300.00.

47. These defendants acknowledged and accepted financial responsibility for the medical services, supplies and equipment provided to the Plan Participant by Eden, and agreed to pay for those services, supplies and equipment.

48. Eden performed all conditions, covenants and promises required in accordance with the terms and conditions of this implied contract by providing the medical services, supplies and equipment to the Plan Participant.

49. As a direct and proximate result of these defendants' breach of implied contract, Eden has suffered damages in an amount to be proven at trial, which is currently estimated to be in excess of $19,300.00.

## FIFTH CAUSE OF ACTION
## FOR BREACH OF ORAL CONTRACT

50. Eden realleges and incorporates herein by this reference paragraphs 1 through 49, inclusive, of this Complaint.

51. Prior to providing services to the Plan Participant, Eden and these defendants entered into an oral agreement whereby Eden agreed to provide medical services, supplies and equipment to the Plan Participant in exchange for which these defendants agreed to pay Eden using its Multiplan contract, after the Plan Participant's deductible was met and before the out of pocket expenses were met.

52. Based upon the information provided and the representations of coverage made by the Plan, Eden provided the contemplated medical services, supplies and equipment to the Plan Participant.

53. On or about May 11, 2015, after the medical services, supplies and equipment were provided to the Plan Participant, these defendants breached the oral agreement by issuing a drastically reduced payment on Eden's Claim. Eden

was not provided with any other information that might help it better understand the payments received from these defendants.

54. Eden performed all conditions, covenants and promises in accordance with the terms and conditions of this oral agreement by providing the medical services, supplies and equipment to the Plan Participant.

55. As a direct and proximate result of these defendants' breach of oral contract, Eden suffered damages in an amount to be proven at trial, which is currently estimated to be in excess of $19,300.00.

## SIXTH CAUSE OF ACTION
## FOR NEGLIGENT MISREPRESENTATION

56. Eden realleges and incorporates herein by this reference paragraphs 1 through 55, inclusive, of this Complaint.

57. Prior to providing services to the Plan Participant, these defendants represented to Eden that the Plan Participant was a covered beneficiary under the Plan. Eden specifically requested and was provided confirmation from the Plan that certain specific contemplated medical procedures required to treat the Plan Participant were covered by the Plan, and that the Plan Participant was eligible to receive medical benefits for such procedures.

58. The Plan represented that the medical care rendered to the Plan Participant would be reimbursed using its Multiplan contract, after the Plan Participant's deductible had been met and before the out of pocket expenses were met.

59. These defendants and/or their representatives apparently made those representations with the belief that they were true. These representations induced Eden to provide the underlying medical services, supplies and equipment to the Plan Participant, and deterred Eden from making other arrangements for payment. Eden reasonably relied upon these defendants' misrepresentations.

60. These defendants made the above-mentioned representations to Eden without reasonable grounds for believing them to be true. These defendants now allege that the Plan contains completely different terms, and that Eden's Claims should be processed in a drastically different manner, yielding a drastically reduced payment. Eden would not have agreed to provide roughly $20,000.00 in medical services and supplies if it had been advised it would receive less than $500.00 in compensation.

61. At the time the above-mentioned representations were made by these defendants, Eden was ignorant of the falsity of their representations and believed them to be true.

62. On or about May 11, 2015, after the contemplated medical services, supplies and equipment were provided to the Plan Participant, these defendants issued a drastically reduced payment on Eden's Claim. Eden was not provided with any other information that might help it better understand the adverse benefit determination received from these defendants.

63. As a direct and proximate result of its reliance, Eden suffered damages in an amount to be proven at trial, which is currently estimated to be in excess of $19,300.00.

## PRAYER

WHEREFORE, plaintiff Eden Surgical Center prays for judgment against the Plan Administrator and the Plan, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For an order or judgment of the Court compelling the Plan Administrator's immediate production of all of the Documents, in accordance with 29 U.S.C. §1024(b)(4);

2. For an award of the statutory penalties under 29 U.S.C. §1132(c) in the amount of $110.00 per day, per claim, from August 7, 2015 through and including

the date judgment is entered in this action, or the date that all of the Documents are received, whichever comes first; and

    3.   For an award of Eden's attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

### ON THE SECOND CAUSE OF ACTION

    1.   For an order or judgment of the Court compelling the Plan Administrator's immediate production of all of the Documents, in accordance with 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m).

### ON THE THIRD CAUSE OF ACTION

    1.   For an award of compensatory damages against the Plan in an amount to be proven at trial, based, *inter alia*, on the benefits the Plan Participant and Eden were entitled to receive under the Plan; and

    2.   For an award of Eden's attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

### ON THE FOURTH, FIFTH AND SIXTH CAUSES OF ACTION

    1.   For compensatory damages in an amount to be determined at trial.

### ON ALL CAUSES OF ACTION

    1.   For an award of interest due at the maximum rate allowed by law;

    2.   For an award of Eden's costs of suit incurred herein; and

    3.   For such other and further relief as the Court deems just and proper.

Dated: April 5, 2017            **JEWETT LAW, PC**

By:  */s/ Bradley E. Jewett*
      Bradley E. Jewett
      Attorneys for Plaintiff
      **EDEN SURGICAL CENTER**